

# U. S. Department of Justice

*Teresa A. Moore*
*United States Attorney*
*Western District of Missouri*

Office of the United States Attorney     (417) 831-4406
The Hammons Tower            Fax (417) 831-0078
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2512

October 17, 2022

Angela Elleman, Esq.
Chief, Capital §2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Ste. 3200
Indianapolis, Indiana 46204

Keith O'Connor
Keith O'Connor LLC
Attorney-at-Law
P.O. Box 22728
Kansas City, Missouri 64113

Re:     *United States v. Charles Michael Hall*, Case No. 21-CV-08001-BCW (W.D. Mo.)
Second Agreement Regarding Timing of Initial 28 U.S.C. § 2255 Motion

      This letter memorializes the United States of America's (herein "Government") second agreement regarding the filing of 28 U.S.C. § 2255 motions by defendant Charles Michael Hall (herein "defendant"), challenging his convictions and death sentence imposed in United States District Court for the Western District of Missouri Case No. 10-CR-03029-BCW-2. By and through Assistant United States Attorney Randall D. Eggert, the Government agrees as follows:

- Under 28 U.S.C. § 2255(f)(1), defendant was required to file his motion to vacate, set aside, or correct his sentences on or before March 22, 2022 - one year following the date on which his judgment of conviction became final.

- Based on both (1) the exceptional complexity of this capital case which resulted from a six week long jury trial and generated thousands of pages of briefing and motions on direct appeal, and (2) defense counsels' good-faith representations regarding the effect of COVID-19-related restrictions on their ability to complete and file their client's motion by March 22, 2022, the Government agreed not to pursue, and to affirmatively waive, any statute of limitations defense pursuant to 28 U.S.C. § 2255(f)(1) for any § 2255 motion defendant file on or before December 22, 2022.

- The defendant has requested an additional six months to complete his Section 2255 motion and requests that the Government agree not to pursue, and to affirmatively waive, any statute of limitations defense pursuant to 28 U.S.C. § 2255(f)(1) for any § 2255 motion defendant file on or before June 22, 2023. The basis of this request is similar to those raised by the defendant in the first agreement: (1) the exceptional complexity of this capital case which resulted from a six week long jury trial and generated thousands of pages of briefing and motions on direct appeal, and (2) defense counsels' good-faith representations regarding the effect of COVID-19-related restrictions. The Government agrees to this second request.

- The sole basis of this second agreement is the Government's consent and waiver. The Government maintains its right to object to any request for an extension of 28 U.S.C. § 2255(f)'s deadlines without the Government's consent or waiver. The Government maintains that the district court has neither statutory authority nor jurisdiction to entertain requests for the extension of a § 2255(f)'s deadlines. *See, e.g., United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016); *United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000); *United States v. Hernandez*, 431 Fed. Appx. 813, 814 (11th Cir. 2011); *United States v. White*, 257 Fed. Appx. 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 Fed. Appx. 573, 57 4 (5th Cir. 2005); *United States v. Moore*, 56 Fed. Appx. 686, 687 (6th Cir. 2003).

- Absent further written agreement, the Government maintains its right to dispute the timeliness of any § 2255 motion or supplement filed after June 22, 2023, and to dispute entitlement to equitable tolling.

Very truly yours,

TERESA A. MOORE
United States Attorney

*/s/ Randall D. Eggert*

Randall D. Eggert
Supervisory Assistant United States Attorney