# MEMORANDUM IN SUPPORT

Defendant Hall, by and through undersigned counsel, has respectfully moved this Court to set a telephone conference pursuant to this Court's Order regarding the parties' agreed extension of time to file Mr. Hall's motion to vacate, set aside, or correct his sentences pursuant to 28 U.S.C. § 2255, or enter an order acknowledging the parties' agreement to waive the statute of limitations.

Under 28 U.S.C. § 2255(f)(1), Mr. Hall was required to file his motion to vacate, set aside, or correct his sentences by March 22, 2022, one year from the date his judgment of conviction became final. The government has agreed on two prior occasions to waive the statute of limitations. On January 3, 2022, the government sent Mr. Hall's counsel a letter agreeing to waive the statute of limitations so long as Mr. Hall filed his § 2255 motion on or before December 22, 2022. Counsel filed notice of this with the Court of January 14, 2022. *See* Doc 23. On October 17, 2022, the government sent Mr. Hall's counsel a letter agreeing to waive the statute of limitations so long as Mr. Hall filed his § 2255 motion on or before June 22, 2023. On October 18, 2022, counsel for Mr. Hall filed a notice to the Court of the government's agreement and waiver, attaching the government's letter. *See* Doc. 29. On November 22, 2022, the Court entered an order stating: "The Court is not inclined to entertain any additional extensions of time in this matter. If in the future a party would seek additional time in this case, even if

3

agreed between counsel, the party shall contact the Court to arrange a telephone conference." Doc. 30 (text only entry).

The parties have agreed that one additional extension of time would be appropriate. The government's October 17, 2022, letter explained that it agreed to Mr. Hall's second request for additional time for the same reasons it agreed to the first request, namely, "the exceptional complexity of this capital case" and "defense counsels' good-faith representations regarding the effect of COVID-19-related restrictions." Doc. 29-1.

In recent discussions with the government, defense counsel has explained their need for additional time, which are largely the same reasons the parties discussed when entering prior agreements. While the effects of the COVID-19 pandemic have abated significantly, the pandemic has continued to impact counsel's work on behalf of Mr. Hall. This is due in part to COVID-19 continuing to interfere with counsel's work on the case, and due in large part to the backlogs created by the massive disruptions caused by earlier phases of the pandemic. These delays have also had combined effects. For example, counsel's inability to interview witnesses earlier, due to the pandemic, delayed counsel's records requests, and then backlogs, also due to the pandemic, have slowed down responses to records requests, causing further delay. Counsel's inability to

4

interview witnesses earlier, due to the pandemic, has also delayed counsel in retaining experts as well as getting those experts records to review.

As one example of the extraordinary delay in getting records, counsel initially requested Mr. Hall's own records from the Bureau of Prisons on June 3, 2021. Although the BOP agreed to expedite Mr. Hall's request initial request for records, and although there is no dispute that Mr. Hall and his counsel are entitled to Mr. Hall's own BOP records, counsel had to file a lawsuit compelling production before receiving a single record from the BOP. Counsel filed this lawsuit in May 2022—approximately a year ago. Through this lawsuit, counsel has received many of Mr. Hall's BOP records, but litigation is ongoing. *See IFCD & Hall v. DOJ & BOP*, Civ. No. 22-1366-CRC (filed May 17, 2022, in the U.S. District Court for the District of Columbia).

Another important issue is Mr. Hall's health. Mr. Hall has experienced myriad health issues, most notably Crohn's disease. Mr. Hall was continuously inpatient at a hospital outside of the BOP for over four months, during which time counsel was completely unable to visit Mr. Hall. Since that hospitalization, he has been housed in FMC Butner because he needs a level of medical care that USP Terre Haute, where the BOP houses most death-sentenced prisoners, is unable to provide. Specifically, Mr. Hall was for a lengthy period placed on Total Parenteral Nutrition (TPN). TPN is a method of providing nutrition intravenously when

someone is unable to use their digestive system, in Mr. Hall's case, as a result of his Crohn's disease and short bowel syndrome. In May 2022, while at FMC Butner, Mr. Hall went into septic shock and was taken to an outside hospital ICU, because at that point he needed a level of medical care that even a Federal Medical Center could not provide. He is currently back at FMC Butner.

Mr. Hall's complicated medical condition has slowed counsel's progress on its own, but it has also exacerbated the impact of the pandemic. Because of the drugs Mr. Hall takes for Crohn's disease, he is immunocompromised. That means that counsel has had to be particularly careful about visiting Mr. Hall, taking precautions even during points in the pandemic where counsel was generally able to travel and visit other clients.

In light of these considerations, the government, through Assistant United States Attorney Randall Eggert, has agreed that Mr. Hall should be given additional time to prepare and file his § 2255 motion, up to and including February 9, 2024, and has agreed to waive the statute of limitations if Mr. Hall files by that date. The government has the authority to waive the statute of limitations. *See, e.g., Day v. McDonough*, 547 US. 198, 205 (2006). Should the government choose to waive the statute of limitations, as it has done here, the Court cannot override this decision. *See, e.g., Wood v. Milyard*, 566 U.S. 463, 472-73 (2012); *see also Martinez v. United States*, 423 F. App'x 650 ("While a district court may sua

sponte consider the timeliness of a section 2255 motion, the statute-of-limitations defense remains a non-jurisdictional affirmative defense that the government may waive.").

A deadline of February 9, 2024, would make Mr. Hall's § 2255 motion due the same day that co-defendant Wesley Coonce's counsel and the government have agreed on. Having both § 2255 motions due the same day will promote efficiency for both the government and this Court because there are overlapping facts and legal issues relevant to Mr. Hall's and Mr. Coonce's § 2255 motions. Mr. Eggert has expressed a preference for both motions to be filed at the same time. Mr. Eggert had not previously expressed to Mr. Hall's counsel that any prior extensions would be final, although he has now expressed that this third extension, through February 9, 2024, would be the last time the government would agree to waive the statute of limitations. Mr. Eggert does not oppose this motion and, as noted, has affirmatively agreed to waive a statute of limitations defense if Mr. Hall files his § 2255 motion on or before February 9, 2024. Mr. Eggert has reviewed this motion.

Therefore, Mr. Hall respectfully requests that this Court hold a status conference to discuss the government's waiver of the statute of limitations or otherwise acknowledge the government's authority to waive the statute of limitations and acknowledging the parties' agreement in this regard.

Respectfully submitted,

*/s/ Angela S. Elleman*

Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN   46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

8