**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

CHARLES MICHAEL HALL,      )
     )
     Petitioner,      )
     )
v.      )      Case No.      4:21-CV-08001-BCW
     )
UNITED STATES OF AMERICA,      )
     )
     Respondent.      )

## **ORDER**

Before the Court is Petitioner Charles Michael Hall's Motion for Permission to Contact Jurors (Doc. #39). The Court, being duly advised of the premises, having heard oral argument on this motion on September 11, 2023, grants said motion.

On May 7, 2014, a jury found Petitioner Charles Michael Hall guilty of first-degree murder. United States v. Hall, No. 6:10-CR-03029-2-BCW, Doc. #758. On May 23, 2014, the district court "[o]rdered that no attorney for the Defendants or anyone working with the attorneys in this case is to reveal the names and/or any contact information of any juror, and further that the attorneys in this case are to advise everyone working with them of the above directive, and lastly that no one is to contact any of the jurors after they are discharged without the Court's permission to do so." Id. at Doc. #788. There is no dispute that the Court issued this Order in anticipation of a reported anti-death penalty protest near the courthouse during trial. On June 2, 2014, the jury returned a unanimous verdict for imposition of a sentence of death against Hall. Id. at Doc. #812. On July 18, 2014, the Court entered judgment against Hall sentencing him to death. Id. at Doc. #898.

On March 3, 2021, the Court appointed counsel to represent Hall for purposes of proceedings under 28 U.S.C. § 2255. (Doc. #2). Pursuant to stipulation of the parties, Hall's §

1

2255 petition will be filed on or February 9, 2024. (Doc. #54). On April 10, 2023, Hall filed the instant motion seeking leave of Court to contact the individuals who served as jurors and alternate jurors at his trial. (Doc. #39). Hall's post-conviction counsel seeks permission to contact the jurors for investigative purposes relating to the petition for post-conviction relief. (Doc. #39-1). The Government opposes the motion. (Doc. #44).

## LEGAL STANDARD

Whether counsel should be permitted to contact jurors post-verdict falls within the district court's discretion. United States v. Booker, 334 F.3d 406, 416 (5th Cir. 2003). This discretion "undergirds Rule 606(b) of the Federal Rules of Evidence, which also stems from long-established common law rules." Mitchell v. United States, 958 F.3d 775, 787 (9th Cir. 2020). Fed. R. Evid. 606(b) generally provides that jurors may not testify about the jury deliberations. Fed. R. Civ. P. 606(b)(1). There are, however, three explicit exceptions to this general rule. Fed. R. Evid. 606(b)(2). "A juror may testify about whether: (A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2)(A)-(C). In any event, the party requesting post-verdict juror interviews should make a threshold showing of one of these exceptions, because the Court must also endeavor to maintain the secrecy of jury deliberations and protect jurors from annoyance and harassment. United States v. Wright, 506 F.3d 1293, 1303 (10th Cir. 2007); Mitchell, 958 F.3d at 787-88.

## ANALYSIS

Hall argues the Court should grant his motion to permit counsel to contact the jurors and alternate jurors in his 2014 capital trial for purposes of his forthcoming § 2255 petition for two reasons: (1) "the jurors potentially made a mistake in filling out the penalty phase verdict form"; and (2) "the jury's quick change from '100 percent certainty that we are unable to reach a

2

unanimous decision in regards to Defendant Hall' to reaching a unanimous verdict suggests that there was an outside influence." (Doc. #39-1 at 6).

The Government opposes Hall's motion for four reasons. First, the Government argues a habeas petitioner is entitled to discovery only for good cause shown in the petition. The Government argues Hall's petition has not yet been filed; therefore, he has not shown good cause or made any other showing for the need for discovery. Second, the Government argues juror contact is generally disfavored, as demonstrated by Fed. R. Evid. 606(b). Third, the Government argues the Eighth Circuit rejected on direct appeal the arguments Hall presents here. Finally, the Government argues juror contact is not justified based on Hall's speculations.

Here, both of Hall's arguments fall within exceptions to Fed. R. Evid. 606(b). Hall's first argument asserts a mistake on the verdict form, and Hall's second argument asserts a potential outside influence. Fed. R. Evid. 606(b)(2)(A)-(C). Therefore, the Court may, within its discretion, grant Hall's motion for post-verdict juror contact as long as Hall makes a preliminary showing of "misconduct, irregularity, or outside intrusion into the jury process." (Docs. #44 at 8; #46 at 3).

The Government argues the Court should wait and see whether Hall's § 2255 petition, due in February 2024, sets forth good cause for discovery into whether a mistake was made in completing the verdict form or whether an outside influence may have impacted deliberations. However, the parties agree that whether to grant juror contact falls within the Court's discretion. Moreover, where juror contact was prohibited by previous Court Order, the instant motion and any subsequent investigation stemming from it fall within appointed counsel's duty to "conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ." McClesky v. Zant, 499 U.S. 467, 498 (1991).

The Government also argues Hall presented the instant arguments to the Eighth Circuit on direct appeal, which affirmed Hall's conviction and sentence. On direct appeal, the Eighth Circuit

3

acknowledged that after their discharge, some jurors informed the district court that the foreperson may have made a mistake in recording their votes pertaining to mitigating factors. Specifically, the jurors suggested the foreperson may have recorded the number of jurors who voted to give mitigating weight, as opposed to the number of jurors who found the factors had been proved. While the Eighth Circuit found no reversible error, it acknowledged "the most likely explanation is that some jurors misunderstood the instructions on the verdict form." United States v. Hall, 945 F.3d 1035, 1042 (8th Cir. 2019). The existence of a mistake on the verdict form, albeit one ultimately found harmless based on the record at that time, makes the required threshold showing for Hall's counsel to contact the jurors to inquire about the potential mistake. Hall's motion is granted as to his first argument.

Hall's second argument tends more speculative. However, because Hall may contact the jurors and alternate jurors relative to his first argument, in the interests of efficiency and completion, the Court will not preclude counsel from also inquiring into any outside influence. Accordingly, it is hereby

ORDERED Petitioner Charles Michael Hall's Motion for Permission to Contact Jurors (Doc. #39) is GRANTED. It is the Court's intent to notify the jurors of the forthcoming contact and to instruct the jurors there exists no obligation for them speak to counsel and it is at the full discretion of each juror to determine whether and to what extent they will communicate with counsel regarding this case. It is further

ORDERED counsel for Hall shall provide to this Court the mailing addresses for the jurors and alternate jurors by **October 31, 2023**.

IT IS SO ORDERED.

DATE: October 17, 2023          /s/ Brian C. Wimes
                                JUDGE BRIAN C. WIMES
                                UNITED STATES DISTRICT COURT

4