| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:21-CV-08001-BCW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES MICHAEL HALL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM IN SUPPORT**

Defendant Hall, by and through undersigned counsel, has respectfully moved this Court to enter an order authorizing him to file his 28 U.S.C. § 2255 Motion and accompanying exhibits as sealed documents. The government does not oppose this motion.

Pursuant to an agreement with the government waiving the statute of limitations, Mr. Hall's § 2255 Motion is due on February 9, 2024. *See* Dkt. 51. In the course of investigating Mr. Hall's case, § 2255 counsel has uncovered compelling mitigation evidence that was not presented to the jury. This information is embarrassing to Mr. Hall. It is information that would be embarrassing to most people, and indeed Mr. Hall has expressed that he is embarrassed and ashamed by this information. It is also information that Mr. Hall

believes might subject Mr. Hall to harassment or even threats to his physical safety, and he has expressed this fear as well.

As such, counsel for Mr. Hall requests that this Court authorize filing Mr. Hall's § 2255 Motion under seal. Counsel for Mr. Hall has discussed this request with AUSA Randy Eggert, who does not oppose this motion.

The right to access judicial records "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 at 598. When a party seeks to maintain the confidentiality of judicial records, the Court must "consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records." *Flynt v. Lombardi*, 885 F.3d 508, 511 (2018). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). A district court has very broad discretion in making this determination because "[a] court has supervisory control over its records." *Flynt*, 855 F.3d at 511.

Concerns about someone being "harassed," "threatened," or subject to unwelcome "publicity" can be valid reasons for shielding documents from public

2

disclosure. *Flynt*, 855 F.3d at 512. In a case seeking disclosure of information about the State of Missouri's execution practices, the Eighth Circuit held that employees' fear of harassment, negative publicity, and professional consequences were sufficient to overcome the presumption that judicial records should be public. *Flynt*, 855 F.3d at 512. The same reasoning should apply here, where Mr. Hall fears harassment, and possible threats to his safety, if information that will be discussed in his § 2255 Motion is made public.

Additionally, while the general presumption favors making documents accessible to the public, it is also true that making a document available to the public is an irreversible action. By contrast, allowing counsel to file Mr. Hall's § 2255 Motion under seal need not be a final decision. If Mr. Hall is permitted to file his § 2255 Motion under seal, in the future, the parties (or indeed an intervenor) could move to unseal the document. At that point, the parties could brief this Court on the propriety of unsealing the Motion, and the Court could rule on such a motion to unseal with the benefit of being able to actually review Mr. Hall's § 2255 Motion and the nature of the information contained therein.

In particular because the government agrees that it would be appropriate for Mr. Hall to file his § 2255 Motion under seal, this Court should exercise its broad discretion to control its records and authorize counsel to file Mr. Hall's § 2255 Motion and exhibits under seal.

3

Therefore, this Court should exercise its discretion and allow Mr. Hall to file his 28 U.S.C. § 2255 Motion and accompanying exhibits as sealed documents.

Respectfully submitted,

/s/ *Angela S. Elleman*
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN   46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

Dated:  January 4, 2024

4