| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:21-CV-08001-BCW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES MICHAEL HALL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM IN SUPPORT**

Defendant Hall, by and through undersigned counsel, has respectfully moved this Court to enter an order unsealing and making available on the docket all documents that trial counsel filed as *ex parte* documents and the *ex parte* orders thereon, as well as transcripts of *ex parte* hearings. The government does not oppose this motion.

Trial counsel for Mr. Hall filed several documents *ex parte* and the orders thereon were entered *ex parte*.[1] These documents included requests for funding for

---

[1] At the time of trial, Mr. Hall was initially represented by lead counsel Darryl Johnson, assisted by Stuart Huffman. Lynn Johnson replaced Mr. Huffman. Mr. Johnson and Ms. Johnson withdrew, and Frederick Duchardt replaced Darryl Johnson as lead counsel, with Robert Lewis assisting him. Michael Walker joined Mr. Duchardt while Mr. Lewis was facing serious health issues. At trial, Mr. Duchart, Mr. Lewis, and Mr. Walker represented Mr. Hall. Mr. Duchardt continued on the case through the direct appeal. This motion seeks to have the Court unseal *ex parte* documents filed by any of Mr. Hall's trial counsel: Mr. Johnson, Mr. Huffman, Ms. Johnson, Mr. Lewis, or Mr. Walker.

experts and authorization to travel. The documents at issue include docket

numbers: 51, 52, 53, 76, 77, 78, 79, 80, 81, 82, 83, 87, 88, 92, 93, 95, 99, 107, 118,

119, 124, 132, 181, 183, 184, 192, 193, 194, 196, 204, 207, 209, 210, 219, 220,

232, 233, 355, 356, 374, 375, 378, 379, 384, 385, 418, 422, 454, 455, 465, 467,

490, 491, 508, 511, 512, 516, 522, 523, 526, 622, 631, 635, 642, 643, 644, 647,

651, 653, 659, 669, 671, 687, 711, 715, 718, 734, 741, 744, 745. There was also an

*ex parte* hearing on April 7, 2014, a transcript of which has been prepared.

At the time these documents were filed (and at the time of the April 7, 2014

hearing), it would have been inappropriate for the government to have access to

them, as they would have prematurely revealed trial counsel's plans for the case.

However, now that this case is in § 2255 proceedings, undersigned § 2255 counsel

anticipates relying on these *ex parte* requests to establish certain facts about what

trial counsel did or did not do. There is no longer a risk of the government

prematurely knowing trial counsel's plans for the case, because the trial has

already happened. As such, these documents should be unsealed and made

available on the public docket.[2]

---

[2] If there is any information that the Court believes is not appropriate for the public to see, undersigned counsel has no objection to the documents being made available to the government but not to the public (being maintained under seal but no longer unavailable to the government as *ex parte* documents). However, undersigned counsel has not identified any such information.

This Court has the authority to unseal these documents. "It is well established that district courts possess the 'inherent power' and responsibility to manage their dockets 'so as to achieve the orderly and expeditious disposition of cases.'" *In re World Trade Center Disaster Site Litigation*, 722 F.3d 483, 487 (2d Cir. 2013) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The inherent authority to manage its docket to achieve the orderly disposition of cases gives this Court the authority to unseal documents in appropriate circumstances. *Rex Real Estate I, L.P. v. Rex Real Estate Exchange, Inc.*, 1:19-CV-696-RP, 2020 WL 13094092, at *1 (W.D. Tex. Jan. 3, 2020).

Here, unsealing the documents that trial counsel filed *ex parte* is necessary to achieve the orderly disposition of Mr. Hall's § 2255 litigation. Undersigned § 2255 counsel intends to cite trial counsel's *ex parte* filings in the § 2255 motion. As such, the government now needs to have access to these documents. Additionally, the reason for shielding them from public view was to prevent premature disclosure of trial counsel's plans, and that reason no longer applies.

Therefore, the documents filed *ex parte* by trial counsel should be unsealed.

Respectfully submitted,

 */s/ Angela S. Elleman*
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders

111 Monument Circle, Suite 3200
Indianapolis, IN   46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

Dated:  January 4, 2024