**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

**CHARLES MICHAEL HALL,**

                         Petitioner,

    v.                                 **Case No. 21-CV-08001-BCW**

**UNITED STATES OF AMERICA,**

                         Respondent.

## MOTION FOR PROTECTIVE ORDER
## FOR INFORMATION REQUESTED BY PETITIONER HALL

The United States of America, by Randall D. Eggert, Assistant United States Attorney for the Western District of Missouri, moves this Court, pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure and Rule 26(c)(1)(G), Federal Rules of Civil Procedure, for a Protective Order, protecting certain documents gathered from disclosure to any individual not part of the petitioner's attorney team, and also for those attorney's review only. In support of this motion, the United States of America states as follows:

1. The petitioner, as part of his preparation for the filing of his Section 2255 motion in this case, has requested the ability to obtain and review certain documents of the United States Bureau of Prisons (BOP). The petitioner's attorneys have requested the ability to obtain these documents in unredacted form.

2.	As part of the petitioner's request, the BOP has collected approximately 226 pages of unredacted documents.

3.	The requested documents contain highly sensitive information, including BOP assessments of Security Threat Groups (STG), personal identifying information (PII) of visitors and staff at the BOP, separatee information pertaining to the petitioner regarding other BOP inmates, and victim witness issues pertaining to BOP investigations conducted on the petitioner.  The BOP cannot release this information unless there is a protective order that limits the access of these documents to only the petitioner's legal team.

3.	The BOP believes that these documents should not be viewed by, shared with, disclosed, or disseminated in any way to the defendant in this case since the documents, as described in paragraph 1, contain sensitive information which if provided to the petitioner, who is still an inmate subject to confinement by the Federal Bureau of Prisons, might threaten the safety of a prison facility.

4.	Thus, the BOP believes these documents should be protected because any further dissemination may jeopardize the safety and security of the institution, staff, and inmates.

5.	Rule 6 of the Rules Governing Section 2255 Proceedings allows the Court, for good cause, to authorize parties to "conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  Federal Rule of Criminal Procedure 16(d)(1) allows the Court to issue a Protective Order for good cause to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief"  Federal Rule of Civil Procedure 26(c)(1)(G) allows for the

issuance of a Protective Order "requiring that a trade secret of other confidential research, development, or commercial information not be revealed or be revealed only in a specific way."

6. These issues have been discussed with petitioner's attorneys. The petitioner's attorneys agree with the Government that the documents produced because of this request require protection from disclosure to any individual not part of the defense team, and that there should be no disclosure to the petitioner. The petitioner's attorneys, thus, have no objection to the issuance of a Protective Order, prohibiting the disclosure of this discovery material to any other party.

Wherefore, the Government respectfully requests that the Court enter an Order protecting from disclosure to any other individual not part of the defense team the discovery material produced as a result of the petitioner's request of the BOP. The Government further requests that the Court's Order prohibit providing the petitioner this material in any way to review or keep in their possession while he remains an inmate in the custody of the BOP. Finally, the United States of America requests that the material produced, be accounted for, tracked, and at the conclusion of these proceedings, be returned to the BOP. To that end, the government will provide the documents to the petitioner's

attorney on blue paper, so that they may able to better identify it as part of the material covered by this protective order.

Respectfully submitted,

TERESA A. MOORE
United States Attorney

By      /s/ Randall D. Eggert
RANDALL D. EGGERT
Assistant United States Attorney
901 St. Louis, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 8, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/ Randall D. Eggert
RANDALL D. EGGERT
Assistant United States Attorney

-4-