# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CHARLES MICHAEL HALL,            )
                                 )
                 Petitioner,     )
                                 )
v.                               )          Case No.      4:21-CV-08001-BCW
                                 )
UNITED STATES OF AMERICA,        )
                                 )
                 Respondent.     )

## PROTECTIVE ORDER

Before the Court is Respondent the United States' Motion for Protective Order for Information Requested by Petitioner Charles Hall. (Doc. #69). The Court, being duly advised of the premises, and with Petitioner having no objection, grants said motion pursuant to the following terms.

1.      This Protective Order shall apply to the 226 pages identified by the United States Bureau of Prisons (BOP) and cited to this Court in the United States' "Motion For Protective Order For Information Requested by Petitioner Hall" (Doc. #69). Mr. Hall has requested unredacted copies of these records maintained by the BOP under the Freedom of Information Act (FOIA) / Privacy Act (PA), during the pendency of this matter. The BOP has identified privacy or security concerns in 226 pages of those records. The BOP and DOJ shall, when disclosing the unredacted 226 pages to petitioner's counsel, identify them as the documents covered by this Protective Order.

2.      The documents covered by this Protective Order shall not, without the written consent of a Federal Bureau of Prisons' official, or by further Order of the Court,

1

be disclosed to anyone, **except that** such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in preparation for proceedings in this case.

3.     Prior to the disclosure of these documents to any individual listed above, defense counsel shall provide such person with a copy of this Protective Order and shall obtain a written acknowledgement stating that he or she: (a) agrees to be bound by the provisions of this Protective Order, (b) agrees not to copy this material, and (c) agrees to return the material to defense counsel at the conclusion of the proceedings in this case. All such acknowledgements shall be retained by defense counsel for review by the Court if good cause is shown by the opposing party.

4.     The information covered by this Protective Order shall not be used for any purpose other than in the litigation of the above-captioned case. Further, the information covered by this Protective Order shall not be provided to the Petitioner to retain in his possession while he remains an inmate in the custody of the BOP. The Petitioner shall be permitted adequate access to view the information.

5.     Within thirty (30) days of the conclusion of the proceedings in this case, unless other arrangements are agreed upon, the documents covered by this Protective Order shall be returned to the BOP.

6.     The Petitioner and his counsel in this matter also agree to abide by the terms of the discovery Protective Orders filed in the underlying criminal case, United States v. Hall, No. 6:10-CR-03029-2-BCW, with the first Protective Order filed on October 5, 2011

2

(Doc. #86) and the second Protective Order filed on February 25, 2013.  (Doc. #301). These Protective Orders (No. 6:10-CR-03029-2-BCW, Docs. #86, #301) are incorporated by reference herein.

7.      This Protective Order may be modified by the Court at any time for good cause shown, following notice to all parties and an opportunity to be heard.

IT IS SO ORDERED.


DATE: <u>May 28, 2024</u>                                    <u>/s/ Brian C. Wimes</u>
                                                            JUDGE BRIAN C. WIMES
                                                            UNITED STATES DISTRICT COURT