**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

**CHARLES MICHAEL HALL,**

Petitioner,

v.

**UNITED STATES,**

Respondent.

**Civ.   No. 21-08001-01-CV-S-BCW
Crim. No. 10-03029-02-CR-S-BCW**

## REQUEST FOR COURT TO SET DATE FOR GOVERNMENT'S RESPONSE TO PETITIONER CHARLES MICHAEL HALL'S 28 U.S.C. § 2255 MOTION

The United States of America, by Randall D. Eggert, Assistant United States Attorney for the Western District of Missouri, files this request for the Court to order that the Government respond to the Petitioner's currently filed 28 U.S.C. § 2255 motion, on or before February 28, 2025, for the reasons set forth below.

1.      On May 7, 2014, a federal jury, in Case Number 10-03029-02-CR-S-BCW convicted the Petitioner of murder in the first degree within the special maritime and territorial jurisdiction of the United States.  (Crim. D.E. 758.)  On June 2, 2014, the jury found that the Petitioner should be sentenced to death.  (Crim. D.E. 812.)  On July 18, 2014, the Court imposed the death sentence on the Petitioner.  (Crim. D.E. 898.)

2.      The Petitioner appealed his sentence, and the Court of Appeals in a panel decision affirmed the death sentence.  *United States v. Hall*, 945 F.3d 1035 (8th Cir. 2019.) The Petitioner then filed a writ of certiorari to the United States Supreme Court, which was denied on March 22, 2021.  *Hall v. United States*, 141 S.Ct. 1694 (Mem) (2021).

-1-

3. As a result of the denial of the writ of certiorari, the Petitioner was originally required to file his Section 2255 motion on or before March 22, 2022. However, on January 14, 2022, the Petitioner and the Government agreed by a letter submitted to the Court, that the Government would not pursue and affirmatively waive any statute of limitations defenses pursuant to 28 U.S.C. § 2255(f)(1) for any § 2255 motion the Petitioner may file on or before December 22, 2022. (Civ. D.E. 23-1.)

4. On October 17, 2022, the Petitioner and the Government agreed by a letter submitted to the Court that Government would not pursue and affirmatively waive any statute of limitations defenses pursuant to 28 U.S.C. § 2255(f)(1) for any § 2255 motion the Petitioner may file on or before June 22, 2023. (Civ. D.E. 29-1.)

5. On June 22, 2023, the Petitioner and the Government agreed by a letter submitted to the Court that Government would not pursue and affirmatively waive any statute of limitations defenses pursuant to 28 U.S.C. § 2255(f)(1) for any § 2255 motion the Petitioner may file on or before February 9, 2024. (Civ. D.E. 51-1.)

6. On January 22, 2024, the Petitioner and the Government agreed by a letter submitted to the Court that Government would not pursue and affirmatively waive any statute of limitations defenses pursuant to 28 U.S.C. § 2255(f)(1) for any § 2255 motion the Petitioner may file on or before May 6, 2024. (Civ. D.E. 61.)

7. On April 4, 2024, the undersigned received notice from the Office of the Pardon Attorney regarding an application for commutation of sentence in the Petitioner's case, requesting the President to commute the Petitioner's death sentence to life

imprisonment without possibility of release. The Petitioner's clemency request is currently pending before the Pardon Attorney.

8. On April 29, 2024, the Petitioner filed his Section 2255 motion with the Court. The Petitioner's motion consists of 310 pages and 97 exhibits consisting of a total of 2,627 pages, alleging various claims of ineffective assistance of counsel, trial court and prosecutorial errors, and other constitutional issues with the petitioner's sentence. The Court has not yet issued a Show Cause Order directing the Government to respond to the Petitioner's Section 2255 motion.

9. The Government is requesting that the Court, when it issues the Show Cause Order in this case, order that the Government respond to the Petitioner's Section 2255 motion on or before February 28, 2025, for the following reasons.

10. First, the Petitioner's clemency request is still pending before the Pardon Attorney. If the Pardon Attorney recommends, and the President concurs, with the clemency request, commuting the Petitioner's death sentence to a sentence of life without parole, this would make moot the Petitioner's Section 2255 motion.

11. Second, the Petitioner's allegations are extensive and will require the Government to conduct investigation, contact witnesses, including the petitioner's trial counsels, and then draft its response. This will take a great deal of time to complete while at the same time the Government is also working on its response to the Petitioner's co-defendant Wesley Coonce's Section 2255 motion, filed on May 6, 2024. (*See Coonce v. United States*, 21-08000-CV-1-BCW (Civ. D.E. 65.)) Both the Petitioner and his co-defendant Coonce had over two years to complete their Section 2255 motions, without

objection from the Government, and in the light of the serious nature of the allegations raised, the Government believes that its request to be allowed to respond to the Petitioner's Section 2255 motion on or before February 28, 2025, is fair under the circumstances of the case.

12. The Government has communicated with the petitioner's attorneys in this matter, and they do not oppose the Government's request.

WHEREFORE, the Government respectfully requests that the Court order that the Government respond to the Petitioner's Section 2255 motion, on or before February 28, 2025.

Respectfully submitted,

TERESA A. MOORE
United States Attorney

By  */s/ Randall D. Eggert*
RANDALL D. EGGERT
Assistant United States Attorney
901 St. Louis, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

*Attorney for Respondent*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was delivered on May 29, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Randall D. Eggert*
RANDALL D. EGGERT
Assistant United States Attorney
