| | | |
|---|---|---|
| CHARLES MICHAEL HALL, | ) | Case No. 4:21-CV-08001-BCW |
| | ) | |
| Movant, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MOTION FOR CONFERENCE PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 16
AND SUGGESTIONS IN SUPPORT**

Charles Hall, through counsel, has moved for leave to conduct discovery. His Motion for Authorization to Conduct Discovery explained that he satisfies the "good cause" standard because his § 2255 Motion alleged specific facts that would entitle him to relief. *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).

Mr. Hall's Motion for Authorization to Conduct Discovery additionally proposed that, if the Court agrees that he has satisfied the good cause standard and authorizes discovery, he should conduct discovery according to the procedures set out by the Federal Rules of Civil Procedure. Framing his request this way, Mr. Hall moved for limited relief: leave to serve discovery requests and subpoenas. Mr. Hall explicitly noted that he did "not seek an order that any particular request satisfies the relevancy provisions of the Federal Rules or any of the other requirements of those rules" because "[t]hose issues, if any, can be best addressed in the typical manner in which discovery issues are addressed: after service of a discovery request, the filing of objections and a meet and confer." Dkt. 77-1 (Mem. in Supp. Mot. to Conduct Disc.) at 10.

1

Yet the government's Response asked the Court to rule on its specific objections to Mr. Hall's proposed discovery requests. The government did so without explaining why the government disagrees with Mr. Hall's suggested procedure for handling discovery in a manner that would be less burdensome for the Court and the parties.

Accordingly, Mr. Hall now moves, pursuant Federal Rule of Civil Procedure 16, for a conference to discuss the proper procedures for discovery in this case. Rule 16 provides that "[i]n any action, the court may order the attorneys . . . to appear for one or more pretrial conferences for such purposes as: . . . discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a)(3). At such a conference "the court may consider and take appropriate action" on matters including "controlling and scheduling discovery" and "adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues." Fed. R. Civ. P. 16(c)(2)(F), (L). Rule 12 of the Rules Governing Section 2255 Proceedings provides that "[t]he The Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." And Rule 6 of the Rules Governing Section 2255 Proceedings specifically contemplates that the Federal Rules of Civil Procedure will govern discovery in § 2255 cases. As such, the Court is authorized to hold a Rule 16 Conference to establish procedures for handling discovery in this case—not only by its inherent power to manage its docket, but specifically by the Rules Governing Section 2255 Proceedings and the Federal Rules of Criminal Procedure.

As Mr. Hall's Reply explains, Mr. Hall in no way disputes that the Court has authority to prohibit certain depositions or subpoenas, pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3) or Rule 6 of the Rules Governing Section 2255 Proceedings. But that is an entirely separate question from whether the parties should be required to confer and attempt to resolve

disputes before petitioning the Court, as Mr. Hall suggested they should. Following Mr. Hall's suggestion would save the Court, and likely the parties, significant time and inconvenience.

Therefore, the Court should hold a conference to discuss discovery procedures in this case, rather than following the government into protracted and unwieldy discovery litigation without any guardrails.

Respectfully submitted,


 /s/ Angela S. Elleman
Angela S. Elleman
Chief, Capital § 2255 Unit
F. Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN   46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org
italia_patti@fd.org

Keith O'Connor
Mo Bar No. 63134
PO Box 22728
Kansas City, MO 64113
Phone: 816-225-7771
E-Mail: keith@keithoc.com

Dated:  August 30, 2024

3