**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

CHARLES MICHAEL HALL,

        Movant,

    v.

UNITED STATES OF AMERICA,

        Respondent.

No. 21-08001-CV-S-BCW

## GOVERNMENT'S RESPONSE AND SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY CONFERENCE

The United States of America, by and through its undersigned counsel, respectfully requests this Court deny Movant Charles Michael Hall's *Motion for Conference Pursuant to Fed. R. Civ. P. 16*, to which he requests a discovery conference. (Doc. 87.) In support, counsel for the United States offers the following suggestions:

1.      On April 29, 2024, Movant filed a motion to vacate under 28 U.S.C. § 2255. (Doc. 70.)

2.      On July 9, 2024, Movant filed his motion for authorization to conduct discovery pursuant to the Federal Rules of Civil Procedure. (Doc. 77.)

3.      On August 16, 2024, the Government filed its suggestions in opposition to Movant's request to conduct discovery, explaining the Movant's motion was premature and had failed to show "good cause" meriting a court order for each discovery request. (Doc. 80.)

4.      On August 30, 2024, Movant filed his reply and also filed a motion for a discovery conference. (Doc. 86, 87.)

5.      Although § 2255 proceedings are civil in nature, discovery in habeas actions is more limited than in other civil cases. *See Harris v. Nelson*, 394 U.S. 286, 295 (1969) (noting that

"[a]t the very least, it is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions" applicable to ordinary civil litigation.).

6. This Court, based on a showing of "good cause", may authorize the Movant to conduct discovery and "may limit the extent of discovery" under the Federal Rules of Civil procedure. *See* Habeas Corpus Rules 1(b) and 6(a). In addition to a showing of good cause, to obtain leave to conduct discovery it is incumbent on Movant to (1) provide reasons for any requested discovery, (2) include copies of any proposed interrogatories and requests for admission, and (3) specify any requested documents. *See* Habeas Corpus Rule 6(b).

7. The burden to establish "good cause" rests with the Movant, and his supporting allegations must be specific to warrant discovery. The Movant bears the burden of demonstrating the materiality of the information requested, and Rule 6 does not authorize fishing expeditions. *See, e.g., United States v. Edwards*, 442 F.3d 258, 268 n. 10 (5th Cir. 2006) (a fishing expedition may not be used to find support to validate allegations).

8. The Eighth Circuit has affirmed that there is no constitutional requirement to discovery materials until after the district court has determined such is necessary to resolve "a pending, nonfrivolous case." *Chapman v. United States*, 55 F.3d 390, 390 91 (8th Cir. 1995).

9. "[R]equests for discovery in habeas proceedings normally follow the granting of an evidentiary hearing…" Advisory Committee Notes to Rule 6.

10. At this stage of the proceeding, Movant's request for a discovery conference is premature, as this Court has not made a finding of good cause determing whether, and what, if any, discovery should be allowed. *See, e.g., Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980) ("In the absence of a showing of good cause for discovery, the district court acted within its discretion in denying appellant's request for production of documents.").

WHEREFORE, the United States respectfully requests this Court deny Movant's *Motion for Conference Pursuant to Fed. R. Civ. P. 16*, to which he requests a discovery conference, where no discovery request has been granted.

Respectfully submitted,

TERESA A. MOORE
United States Attorney

By    */s/ Randall D. Eggert*
Randall D. Eggert
Assistant United States Attorney
901 St. Louis, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Randall D. Eggert*
Randall D. Eggert
Assistant United States Attorney