**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHARLES MICHAEL HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-08001-BCW |
| | ) | |
| UNISTED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is Petitioner Charles Michael Hall's motion to authorize discovery. (Doc. #77).[1] The Court, being duly advised of the premises, denies without prejudice said motion.

## BACKGROUND

On May 7, 2014, a jury found Petitioner guilty of first-degree murder. (Crim. Doc. #758). On June 2, 2024, the jury returned a unanimous verdict for imposition of a sentence of death against Petitioner. (Crim Doc. #812). On July 18, 2014, the Court entered judgment against Hall sentencing him to death. (Crim. Doc. #898). On April 29, 2024, Petitioner filed his § 2255 motion. (Doc. #70). The Government's response is due on or before February 28, 2025. (Doc. #76).

In the instant motion to authorize discovery, Petitioner seeks leave to conduct depositions, propound requests for production, and serve third-party subpoenas. (Doc. #77-1 at 4-8). Specifically, Petitioner seeks to depose: Darryl Johnson, Lynn Johnson, Michael Walker, Dr. Robert Fucetola, Dr. Chad Brinkley, Dr. Elizabeth Weiner, and Robert Logsdon. Id. at 4-6. In regards to the requests for production, Petitioner seeks: Bureau of Prison employee disciplinary files; treatment records; physician communications with the Government; documents related to a

---

[1] "Doc." refers to the docket number entries in this civil case. "Crim. Doc." refers to the docket number entries in Movant's associated criminal case, Case No. 6:10-cr-03029-BCW-2. Page number citations refer to the page numbers assigned by the CM/ECF electronic docketing system.

1

report of things being "out of hand" in Unit 10-B; records related to Darryl Johnson's presentation to the Department of Justice ("DOJ") regarding Petitioner's request for the death penalty; DOJ memos and training materials; and DOJ records related to allegations of professional misconduct by attorneys working in the capital case section at the time of Mr. Hall's trial. Id. at 6-7. Lastly, Petitioner seeks to serve third-party subpoenas to unspecified Vermont government agencies that "may have information about investigations into Shaker Mountain School or Jerome (Jerry) Mintz." Id. at 7-8.

The Government opposes Petitioner's requests arguing its response is not due for several months, the scope of contested issues for which discovery would be warranted will not take shape until the response is filed, and the Petitioner otherwise fails to meet the good cause standard required under Rule 6(a) of the Rules Governing § 2255 Cases. (Doc. #80).

## ANALYSIS

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, Rule 6(a) of the Rules Governing § 2255 Cases authorizes a judge "for good cause, [to] authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a). Under Rule 6(b), the requesting party must provide reasons for the request. Id. at 6(b). To establish good cause, a petitioner must make "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (quoting Bracy, 520 U.S. at 904 and 908-09). The burden to establish good cause rests with the moving party, and his supporting factual allegations must be specific to warrant discovery. See, e.g., Smith v. United States, 618 F.2d 507, 509 (8th Cir. 1980) (per curium)

2

(good cause for discovery not shown where movant failed to state what he hoped to find in records or how it would help him prosecute his section 2255 motion).

Because Rule 6(a) only allows the Court to grant discovery to either party after a finding of good cause, the record must be sufficiently developed to determine whether particular facts would demonstrate the Petitioner is entitled to relief. See Bracy, 520 U.S. at 908-09. At this time, the Government has not filed its response. Thus, the record is not sufficiently developed, and the Court cannot determine whether good cause exists. See Williams v. United States, No. 4:21-CV-00604-JAR (E.D. Mo. June 30, 2021) (denying discovery as premature until the Government had the opportunity to respond to the § 2255 motion); Masarik v. United States, No. 11-C-0048, 2012 WL 1831511 (E.D. Wis. May 18, 2012) (same); Franklin v. Conover, No. 3:17-CV-637-CRS-CHL, 2018 WL 11610744 (W.D. Ky. March 29, 2018) (denying discovery as premature until the respondent had the opportunity to respond to the § 2254 motion). Moreover, Petitioner concedes at least some discovery may not be necessary if the Government stipulates to certain facts. (Doc. #86 at 13, 15). Accordingly, it is hereby

ORDERED Petitioner's motion for discovery (Doc. #77) is premature and is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: December 10, 2024                                  /s/ Brian C. Wimes
                                                          JUDGE BRIAN C. WIMES
                                                          UNITED STATES DISTRICT COURT